PER CURIAM:
The claimant brought this action for damage to her vehicle after encountering a blow up *80 on a road maintained by the respondent in Monongalia County.
The incident giving rise to this claim arose on June 8, 1997, at approximately 3:30 p.m. The claimant was driving her 1992 Chrysler Fifth Avenue on the Pierpont Road entrance of Interstate 64 westbound. The evidence adduced at hearing was that the claimant’s vehicle encountered an area where the pavement had buckled across the road. The vehicle sustained damage to the right rear tire, rocker panel and wheel covers. The claimant submitted into evidence repair bills in the amount of $431.58. The claimant’s insurance deductible was $500.00.
The claimant testified that she was traveling approximately 35 to 40 miles per hour and that a vehicle was in front of her. The driver of the vehicle in front of her swerved his vehicle, and then claimant attempted to swerve around the heaved up portion of the roadway. However, claimant’s vehicle apparently struck some of the broken concrete which caused a tire to burst. She had to pull over and stop her vehicle due to the damage to the tire.
The respondent’s evidence was that it had no prior notice of the road defect, and that blowup of this type commonly occurs during hot weather. It is well established that the state is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S..E.2d 81 (W.Va. 1947). For the respondent to be held liable for road defects of this nature, the claimant must prove that the respondent had actual or constructive notice. The Court has previously held that thermal expansion and blowups of this type are by their nature unpredictable. Walton vs. Division of Highways, (unpublished opinion issued June 30,- 1992).
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does hereby deny this claim.
Claim disallowed.